IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS and SOPHIA AHMED,<br><br>Defendants. | Case No. 3:22-cv-00018-FM |

**DEFENDANT AMERICAN-AMICABLE'S CORRECTED RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable") respectfully submits this response in opposition to the "Opposed Motion for Leave to Amend Complaint" (Dkt. 20, "Motion") filed by Plaintiff Brandon Callier ("Plaintiff").

**INTRODUCTION**

At best, Plaintiff's Motion is merely a last-ditch effort to avoid dismissal of another fatally-flawed pleading by attempting to add new facts and liability theories that could (and indeed should) have been asserted in his prior pleadings. At worst, the Motion misrepresents the nature and extent of Plaintiff's proposed amendments and was filed in bad faith. The Motion should be denied.

Indeed, while purportedly appearing *pro se*, Plaintiff is no stranger to litigation. In fact, he has filed **over 50** complaints seeking relief under the Telephone Consumer Protection Act ("TCPA") and Texas state law in this District since January 2020, a significant portion of which were filed **this year** (this case and 19 others), each largely recycling many of the same allegations asserted here. When American-Amicable moved to dismiss his original complaint (*see* Dkt. 11), Plaintiff moved

1

to amend rather than file an opposition to that motion on his deadline to do so (*see* Dkt. 12).[1] As his First Amended Complaint (Dkt. 14, "FAC") failed to cure the defects of its predecessor, American-Amicable moved to dismiss on the same grounds, this time with prejudice (*see* Dkt. 19). Apparently recognizing his FAC is also ripe for dismissal, Plaintiff's Motion again asks this Court for leave to amend on the eve of his deadline to oppose American-Amicable's dispositive motion, asserting *inter alia* that: (1) Plaintiff "mistakenly asserted a claim for relief under 47 C.F.R. § 64.1200(d)" of the TCPA's implementing regulations relating to an alleged failure to implement internal "Do Not Call" ("DNC") policies and procedures "when [he] intended to assert a claim under 47 C.F.R. § 64.1200(c)" relating to an alleged National DNC Registry violation in Count II of his FAC, and wants to "correct th[at] cause of action"; (2) his proposed Second Amended Complaint (*see* Dkt. 20-2, "SAC") does not "raise significant new factual issues"; and (3) "there is no improper motive, such as … bad faith" that would justify denying him leave to amend. Motion at 1-2. Plaintiff is wrong.

As Plaintiff seemingly acknowledges, while leave to amend is generally "freely given" under Rule 15, it is not automatic even for *pro se* litigants; and it is commonly denied where the motion to amend is made in bad faith, would prejudice the defendant, or where amendment would be futile. Such is true here. As discussed below, it is apparent that Plaintiff is using Rule 15 to make his complaints a moving target, hoping to salvage a baseless case by attempting to interject new "facts" and legal theories at the zero hour and using American-Amicable's motions as a roadmap to do so. Federal courts have found that such a litigation tactic amounts to "bad faith" and alone warrants denying a Rule 15 motion to amend. Further, comparing the allegations in Plaintiff's FAC to those

---

[1] Though he had not yet amended and therefore did not need the Court's or American-Amicable's approval under Rule 15, Plaintiff filed a motion to amend his original complaint on the day his opposition to American-Amicable's initial motion to dismiss was due, which the Court granted. *See* Dkt. 13. Because Plaintiff was able to amend his original complaint as a matter of course, American-Amicable did not oppose that motion, though amendment apparently was futile then as well, since the FAC is still subject to dismissal on all the same grounds as his original complaint. *See* Dkt. 19.

in his proposed SAC reveals that his proposed amendments are <u>not</u> designed merely to "correct the [one] cause of action" that he says he "mistakenly asserted" and do indeed "raise significant new factual" and legal issues directed at American-Amicable's core dispositive arguments, contrary to what he represents to this Court. This is not only indicative of bad faith but also would unduly prejudice American-Amicable, which has already expended considerable resources in preparing two dispositive motions and would be forced to expend more preparing a third, if the Motion is granted. Moreover, Plaintiff's extensive proposed amendments, which include a new cause of action and are based on "facts" that he knew or should have known prior to filing his Motion, still do not cure the many fatal pleading deficiencies of its predecessors and, thus, further amendment would be futile. Courts routinely deny Rule 15 motions to amend in such circumstances. This Court should too.

## **APPLICABLE LEGAL STANDARDS**

While Fed. R. Civ. P. 15(a)(2) generally permits liberal amendment of pleadings, leave to amend is not automatic. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992); *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000). Instead, the decision to permit an amendment is discretionary. *Halbert v. City of Sherman*, 33 F.3d 526, 539 (5th Cir. 1994). The Court may consider several non-exclusive factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment...." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d

413, 419 (5th Cir. 2010). As shown below, these factors weigh heavily in American-Amicable's favor and against Plaintiff here and, therefore, the Motion should be denied.

**ARGUMENT**

**I.      The Motion Was Filed in Bad Faith and Therefore Should Be Denied.**

Courts in and beyond the Fifth Circuit have widely recognized that a Rule 15 motion to amend is made in "bad faith"—and thus is properly denied—where the movant is simply hoping to "avoid an adverse ruling." *Hartwell v. Sw. Cheese Co., LLC*, 2016 WL 9777151, at *7 (D.N.M. June 7, 2016). *See also B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, 2019 WL 13115363, at *4 (W.D. La. Dec. 20, 2019), *aff'd sub nom. B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369 (5th Cir. 2022) (ruling similarly); *Eustice v. Louisiana Through Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 2020 WL 12432041, at *1 (M.D. La. Feb. 3, 2020) ("To the extent Plaintiff seeks leave to amend his complaint, the Court finds that Plaintiff is acting in bad faith and with dilatory motive in seeking leave to amend once again prior to the resolution of the pending dispositive motions before the district judge."); *WRR Industr., Inc. v. Prologis*, 2006 WL 1814126 at *5 (N.D. Tex. June 30, 2006) (holding amendment sought in the face of a pending dispositive motions supports denial on the grounds of bad faith and dilatory motive); *Jackson v. Chavez*, 2013 WL 3328683, at *5 (W.D. Tex. June 26, 2013) (denying leave to amend in face of pending motion to dismiss). Such is plainly true here.

For starters, Plaintiff's sole stated basis for seeking to amend is that his FAC "cannot survive [dismissal] without being allowed to amend and correct the [one] cause of action" he claims to have "mistakenly asserted"—*i.e.,* that he asserted a claim under the TCPA internal DNC regulations in 47 C.F.R. § 64.1200(d), rather than the National DNC Registry regulations in 47 C.F.R. § 64.1200(c) in Count II of the FAC. Motion at 1. As the authorities above show, however, simply wishing to

4

avoid a dismissal is not a proper basis for seeking leave to amend, and is tantamount to bad faith.

Further, Plaintiff's representation that the FAC was "written to support claims under 47 C.F.R. § 64.1200(c)" for a National DNC Registry violation (Motion at 1), as opposed to an internal DNC violation under 47 C.F.R. § 64.1200(d), is demonstrably false. *See, e.g.,* Dkt. 14 at ¶ 44 ("Each and every call was placed without the maintenance of an *internal* do-not-call policy. Each and every call failed to identify the telemarketers and parties they were calling on behalf of. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy." (emphasis added)); *see also id.* ¶ 12 (directly invoking 47 C.F.R. § 64.1200(d)) and ¶¶ 48-50 (allegations relating to "Defendants" lack of an internal DNC Policy). These allegations, which were carried over from his original complaint, show that Plaintiff intended to bring an internal DNC violation claim from the very start; and Plaintiff's proposed SAC also still invokes Section 64.1200(d). *See* Dkt. 20-2, ¶ 12; *see also id.* ¶¶ 50-51. There is also no allegation in Plaintiff's FAC suggesting that either of the phone numbers upon which the alleged calls were received is listed on the National DNC Registry, which is what is required to bring such a claim at the very minimum. *See* 47 C.F.R. § 64.1200(c)(2). And lest there be any lingering doubt, Plaintiff clearly knows the difference between Sections 64.1200(d) and 64.1200(c), as he has previously (and simultaneously) asserted claims under both regulations against other defendants in TCPA complaints filed in this District before he filed his FAC here. *See, e.g.,* Case No. 3:22-cv-00100-DCG, Dkt. 1 (Mar. 17, 2022) at p. 9. In short, there was no "mistake" here, and Plaintiff cannot use his *pro se* status to feign ignorance. He simply realized that his internal DNC claim was subject to dismissal and is desperately hoping to avoid that result by asserting a ***completely new cause of action*** at the last minute rather than defend that claim in an opposition brief, which clearly shows his bad faith.

Moreover, contrary to what he represents, Plaintiff's proposed amendments go ***far beyond***

5

just "correct[ing] the [one] cause of action" in Count II of his FAC. Rather, a redline comparison of the allegations in Plaintiff's FAC with those in his proposed SAC shows that Plaintiff added a variety of new factual allegations throughout that are primarily designed to bolster his purported vicarious liability theory, which is a threshold dispositive issue in any TCPA case and is a core aspect of American-Amicable's pending motion to dismiss here. *See* Declaration of A. Paul Heeringa ("Heeringa Decl."), attached, at ¶ 3 and Exhibit ("Ex.") A thereto. *See also* Dkt. 19 at 11-17.

For example, hoping to avoid dismissal of his original complaint in response to American-Amicable's initial dispositive motion, Plaintiff concluded in his FAC that defendant Ahmed—***and not American-Amicable***—(1) "contracted" with one or more unidentified third-party "telemarketers" who called him; (2) "supplied the telemarketer[s] with the age, health, income, and state of residence requirements to purchase the insurance products being marketed"; (3) "authorized the third party telemarketers to generate automated phone calls with prerecorded voice message scripts approved by" her; and (4) "gave access to proprietary information to the third-party telemarketers to assist in the robocalling campaign." Dkt. 14 at ¶¶ 23, 26-27, 53-54, 59. After American-Amicable pointed out these allegations and moved to dismiss the FAC on vicarious liability grounds (*see* Dkt. 19 at 7, 16 & nn. 4-5), Plaintiff's proposed SAC alleges (or, rather, merely concludes) that "Ahmed and/or Amicable" did all this, "Ahmed and/or Amicable" exercised "control" over the callers, and there was a singular (but still unknown) "telemarketer" involved. Dkt. 20-2 at ¶¶ 23, 26-27, 54-55, 60. *See also id.* at ¶¶ 73, 89 (adding additional allegations in support of vicarious liability theories). Thus, Plaintiff cannot credibly argue that his proposed SAC does not "raise significant new factual issues" or that it is limited to just "correcting" his DNC claim in Count II. ***It does much more***, as Plaintiff currently alleges American-Amicable had no direct connection with the alleged calls and callers and does not claim it had any interaction with the alleged callers.

Rather, these amendments go directly to the heart of American-Amicable's vicarious liability arguments and impact the viability of his entire pleading, not just his DNC claim in Count II. In short, what Plaintiff *really* wants to change is the entire "factual" basis for his purported vicarious liability theories and to allege a new DNC claim because his current one is ripe for dismissal.[2]

All told, Plaintiff's Motion does not explain the true extent and nature of his proposed amendments. Why he did not is simple: his new allegations have no bearing on whether Plaintiff invoked the "correct" DNC regulations for Count II, he is merely hoping to avoid an adverse ruling on American-Amicable's pending dispositive motion, and he has purposefully misrepresented his purported basis for seeking leave to amend and the nature and scope of his proposed amendments to this Court.[3] That amounts to bad faith, and the Motion should be denied for this reason alone. *See, e.g., Hartwell, B.A. Kelly, Eustice*, and *WRR Industries*, *supra*; *Carter v. SNC-Lavalin Constructors, Inc.*, 2019 WL 918382, at *3 (D. Md. Feb. 25, 2019) ("Bad faith is established 'when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal[.]'") (quoting *Minter v. Prime Equip.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

---

[2] Similarly, despite having alleged that only <u>one</u> of the total 19 at-issue calls was prerecorded in his original complaint and his FAC and American-Amicable moving to dismiss on his basis (*see* Dkt. 19 at 17 & n.16 and Dkt. 11 at 17 & n.10), Plaintiff's proposed SAC now alleges that <u>all</u> of them were prerecorded. *See* Dkt. 20-2 at ¶ 41. But this relates to his prerecorded call claim Count I of the FAC, which is different than his DNC claim in Count II that Plaintiff supposedly wants to "correct."

[3] Plaintiff also misrepresented the nature of his proposed amendments to defense counsel prior to filing the Motion, which came via an email sent well after business hours the day before his opposition to American-Amicable's motion to dismiss was due. *See* Heeringa Decl. at ¶ 4 & Ex. B ("I was typing up my response to your motion to dismiss and realized that I had mistakenly put 47 C.F.R. 64.1200(d) as a cause of action instead of 47 C.F.R. 64.1200(c). [] ***I need to know if you are opposed to my amending the Complaint a second time to fix this issue and to remove the erroneous 's' from the end of 'telemarketer'***….")(emphasis added). Plainly, Plaintiff intended to amend more than just the word "telemarketers" and thus would have amended under false pretenses if American-Amicable had agreed to his request. This Court should not countenance such gamesmanship.

## II. Plaintiff Knew or Should Have Known the "Facts" Upon Which His Proposed Second Amended Complaint Was Based But Failed To Plead Them in Prior Complaints.

Courts have also denied Rule 15 motions where the plaintiff already knew or should have known the facts upon which the proposed amendments were based but simply failed to plead them in prior complaints. *See, e.g., Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-40 (5th Cir. 1993) (affirming denial of leave to amend because plaintiffs knew facts underlying proposed new claims before action was initiated); *Payne v. City of San Antonio, Texas*, 2020 WL 1181483, at *3 (W.D. Tex. Mar. 12, 2020), *report and rec. adopted,* 2020 WL 4810963 (Aug. 4, 2020) (ruling similarly).

In this case, as noted above, Count II asserted a TCPA claim based on a purported violation of the TCPA's internal DNC regulations in 47 C.F.R. § 64.1200(d) in both his original complaint and his FAC, and pled no facts suggesting a National DNC Registry violation occurred. When moving to dismiss Plaintiff's original complaint, American-Amicable extensively briefed this issue (*see* Dkt. 11 at 15-17); yet, Plaintiff did not amend his original complaint to reflect that he was asserting a claim under 47 C.F.R. § 64.1200(c) for his FAC and merely repeated the same internal DNC violation allegations. When American-Amicable challenged his original complaint on vicarious liability grounds, Plaintiff added new (albeit equally conclusory and insufficient) allegations to his FAC to suggest that Ahmed—***and only Ahmed***—hired and provided guidance and information to the supposed "third party telemarketers" that allegedly called him, as discussed above. Yet, in his proposed SAC, Plaintiff now wants to allege that "Ahmed and/or Amicable" did so. And after American-Amicable pointed out this defect in his two dispositive motions, Plaintiff also now wants to allege in his SAC that <u>all</u> of the calls where prerecorded, despite having alleged that only <u>one</u> was prerecorded in both of his pleadings to date. *See* Dkt. 1, ¶ 25 & Dkt. 14, ¶ 33.

Tellingly, Plaintiff does not claim that he subsequently learned of these or any other new "facts" after filing his original complaint or his FAC, which might justify his Motion. That is because

8

Plaintiff already knew or should have known about these "facts," simply neglected to include them in his previous complaints, and is now alleging them desperately hoping to avoid dismissal. Therefore, the Motion should be denied for this additional reason. *See, e.g., Wimm*, 3 F.3d 139-40.

### III. American-Amicable Would Be Prejudiced By the Proposed Amendments.

Undue prejudice to the defendant is also a critical factor in deciding whether to grant leave to amend under Rule 15. *See Wimm*, 3 F.3d at 139. Any prejudice Plaintiff might suffer by not being allowed to amend is irrelevant. *See id.* A defendant may be unduly prejudiced where the motion to amend is filed in response to a dispositive motion or the proposed amendments add new claims or change key underlying factual allegations. *See, e.g., Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997); *Mayeaux*, 376 F.3d at 427; *Rocha v. Metro. Life Ins. Co.*, 2006 WL 8434157, at *2 (W.D. Tex. Dec. 11, 2006). This is also true in the present case.

In this regard, American-Amicable has already expended considerable resources preparing two motions to dismiss fatally-flawed complaints. On the eve of Plaintiff's deadline to file an opposition to both motions, Plaintiff asked for leave to amend and now wants to assert an entirely new cause of action. And, as shown above, Plaintiff's proposed amendments to his SAC fundamentally change the underlying facts and legal theories in this case, and would add new facts and claims that Plaintiff neglected to allege twice previously. If the Motion is granted, and since his proposed amendments do not cure any of the fatal pleading defects in his FAC, American-Amicable will be forced to file a third dispositive motion to address those new facts and theories. This is unduly prejudicial to American-Amicable and should not be permitted. *See also Averhart v. CWA Local 1033*, 2012 WL 1574304, at *9 (D.N.J. May 3, 2012) ("[A]llowing Plaintiff to make the amendments as proposed would, as Defendants assert, essentially constitute an entirely new Complaint. Although no significant discovery has been exchanged, the case would effectively begin anew.").

## IV. Amendment Would Be Futile and Therefore the Motion Should Be Denied.

Finally, a federal district court acts well "within its discretion when dismissing a motion to amend that is frivolous or futile." *Martin's Herend Imps, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). The Fifth Circuit has held that amendment is futile "if the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).[4] This rule applies with equal force to *pro se* litigants. *See, e.g., Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) (citations omitted). In this case, Plaintiff's Motion should also be denied for this reason, as well.

While Plaintiff's amendments are actually designed to attempted to bolster his vicarious liability theory and prerecorded voice claim (and not to correct his DNC count as he represents) as discussed above, his SAC (if permitted) would still be subject to dismissal in its entirety. For example, Plaintiff's new proposed allegations do not make his SAC any less of a classic impermissible "shotgun" pleading like its two predecessors, as Plaintiff still conflates the parties, non-parties, their alleged wrongful conduct, and the claims alleged against them in violation of Rules 8 and 10. *See* Dkt. 19 at 6-8. This defect, which remains in his proposed SAC, alone warrants dismissal of all of Plaintiff's claims. *Id.* Consequently, the Motion should be denied for this reason.

Moreover, Plaintiff's new vicarious-liability-related allegations are not only entirely conclusory and thus insufficient under federal pleadings standards, but they also do not suggest that American-Amicable had (1) any "control" over "the manner and means of the solicitation campaign that was conducted" by the caller specifically (not just "control" over the caller generally) or (2) the power to give "interim instructions" to the caller—which are the **touchstones** of vicarious liability under the TCPA. *See* Dkt. 19 at 12-14 (citing and quoting, *inter alia, In re Monitronics*, *Meeks*,

---

[4] The futility standard is the same standard of legal sufficiency as applies under Rule 12(b)(6). *See Mornes v. Valdez*, 414 F. Supp. 3d 888, 891 (N.D. Tex. 2019).

*Callier v. Sunpath*, and *Jackson*).[5] In short, they do not help him avoid dismissal. Because Plaintiff admits that Ahmed and American-Amicable did not physically place any calls and thus cannot be directly liable, and because his state law claim is entirely dependent on his TCPA claims, Plaintiff's entire case crumbles without vicarious liability. *Id*. at 17 and 20 (citing *Gulden* and *Cunningham*).

In sum, it is evident that Plaintiff's TCPA and state law claims would still be subject to dismissal in their entirety on all of the same grounds presented in American-Amicable's pending dispositive motion, should Plaintiff's proposed SAC become his operative pleading. Therefore, further amendment would be futile, and the Motion should be denied for this additional reason.[6]

## CONCLUSION

For all the reasons above, and for such additional reasons as may be presented prior to the Court's ruling thereon, American-Amicable respectfully requests that the Court enter an order denying the Motion and granting American-Amicable all other relief deemed just and proper.

Dated: May 23, 2022

Respectfully submitted,

By: /s/ *Danielle Gilbert*
Danielle Gilbert
State Bar No. 24092421
Danielle.Gilbert@HuschBlackwell.com
HUSCH BLACKWELL, LLP
One Congress Plaza
111 Congress Avenue, Suite 1500
Austin, Texas 78701-4093
Telephone: (512) 472-5456
Telecopier: (512) 479-1101

---

[5] Courts have <u>routinely</u> dismissed threadbare TCPA complaints premised on vicarious liability at the pleadings stage similar to those filed by Plaintiff here. *See* Dkt. 19 at 13-17 & nn. 11, 14 & 15.

[6] Plaintiff's proposed amendments also do not address or impact the other grounds for dismissal presented in American-Amicable's pending dispositive motion—including that his state law claim amounts to an improper double recovery and is based on purported violations of TCPA provisions that do not afford litigants a private cause of action, he pleads no facts supporting his request for treble damages, and he is not entitled to attorneys' fees as a matter of law. *See* Dkt. 19 at 19-20. This also demonstrates the futility of his proposed amendments and supports denying the Motion.

John W. McGuinness (*Pro Hac Vice* to be requested)
A. Paul Heeringa (*Pro Hac Vice* to be requested)
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600
jmcguinness@manatt.com
pheeringa@manatt.com

*Attorneys for Defendant American-Amicable Life Insurance Company of Texas*

## CERTIFICATE OF SERVICE

I certify that on, May 23, 2022, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: */s/ Danielle Gilbert*
Danielle Gilbert