UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-22-CV-00018-FM |
| AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS a Florida Corporation and SOPHIA AHMED, | § § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DENYING MOTION TO DISMISS [ECF NO. 19] AS MOOT

Before the court are "Plaintiff's Opposed Motion for Leave to Amend Complaint" ("Motion") [ECF No. 20], filed May 20, 2022 by Brandon Callier ("Plaintiff"),[1] and "Defendant American-Amicable's Corrected Response in Opposition to Plaintiff's Opposed Motion for Leave to Amend Complaint" ("Response") [ECF 22], filed May 23, 2022 by Defendant American-Amicable Life Insurance Company of Texas ("Defendant").[2] Plaintiff, a *pro se* litigant, requests leave to amend and correct his complaint, having erroneously asserted a claim under 47 Code of Federal Regulations ("C.F.R.") Section 64.1200(d) while intending do so under Section 64.1200(c).[3] After due consideration, the Motion is **GRANTED**.

---

[1] "Plaintiff's Opposed Motion for Leave to Amend Complaint" ("Mot."), ECF No. 20, filed May 20, 2022.

[2] "Defendant American-Amicable's Corrected Response in Opposition to Plaintiff's Opposed Motion for Leave to Amend Complaint" ("Resp."), ECF 22, filed May 23, 2022.

[3] Mot. at 1.

1

Federal Rule of Civil Procedure ("F.R.C.P.") Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires."[4] The rule "evinces a bias in favor of granting leave to amend."[5] "A court should not deny a motion to amend, therefore, unless there is a substantial reason to do so, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party."[6] There is no indication here of undue delay, bad faith, or dilatory motive—Plaintiff merely made a mistake.

Neither is there any undue prejudice to Defendant as it will take minimal effort to update a motion to dismiss in order to respond to Plaintiff's proposed second amended complaint, which is virtually identical to his first amended complaint.[7] First, Plaintiff's proposed complaint merely adds a claim under 47 C.F.R. Section 64.1200(d) and removes a claim under Section 64.1200(c).[8] These provisions are practically indistinguishable: Section 64.1200(d) requires telemarketers to maintain an *internal* do-not-call ("DNC") list of people who have requested not to be contacted by them, regardless of the national DNC.[9] Section 64.1200(c), meanwhile, prohibits any person or entity from soliciting individuals through phone numbers registered on the *national* DNC list—although it also requires them to maintain an internal list of numbers they may not contact.[10]

---

[4] FED. R. CIV. P. 15(a)(2).

[5] *Dynamic CRM Recruiting Sols., LLC v. UMA Educ., Inc.*, 31 F.4th 914, 924 (5th Cir. 2022) (citation and quotation marks omitted).

[6] *Anzures v. Prologis Texas LLC*, 886 F.Supp.2d 555, 561 (W.D. Tex. 2012).

[7] *Compare* "Plaintiff's First Amended Complaint" ("Am. Compl."), ECF 14, filed April 20 2022, *with* "Plaintiff's Second Amended Complaint," ECF 20-2, filed May 20, 2022.

[8] To that end, requesting to amend a complaint by adding a claim is an unremarkable ask and courts regularly allow plaintiffs to do so. *See, e.g., Anzures*, 886 F.Supp.2d at 571.

[9] 47 CODE OF FED. REGS. § 64.1200(d).

[10] *Id.* § 64.1200(c)(2).

Section 64.1200(d) requires telemarketers to have a written policy for maintaining an internal DNC list and Section 64.1200(c) requires them to have a written policy for complying with the national DNC list.[11] Each requires telemarketers to train personnel on how to comply with their respective policies.[12]

Second, as far back as his first complaint, Plaintiff has alleged that he has been on the national do-not-call list since 2007;[13] that Defendant, through its agents, initiated several telephone solicitations without his consent;[14] that Defendant has no internal DNC policy, written or otherwise;[15] and that Defendant did not train its agents to comply with any DNC policy.[16] Neither is Plaintiff meaningfully altering his theory of vicarious liability. All told, Plaintiff's factual allegations have been more than sufficient to apprise Defendant of the basis for relief—his second amended complaint does nothing to change this.[17] Thus, Defendant suffers no undue prejudice as a result of this order.

Finally, amended complaints generally supersede prior complaints and render them of no legal effect.[18] As Plaintiff's Motion is granted, his first amended complaint has no legal effect.

---

[11] *Compare id.* §§ 64.1200(d)(1) *with* 64.1200(c)(2)(i)(A).

[12] *Compare id.* §§ 64.1200(d)(2) *with* 64.1200(c)(2)(i)(B).

[13] "Plaintiff's Original Complaint" ("Compl.") 5 ¶ 21, ECF 1, filed Jan. 6, 2022.

[14] *Id.* at 5 ¶ 22.

[15] *Id.* at 7 ¶ 37.

[16] *Id.*

[17] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (citation and quotation marks omitted).

[18] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Thus, Defendant's pending motion to dismiss—which pertains to Plaintiff's first amended complaint—also has no legal effect.[19] Therefore, it must be denied as moot.

Accordingly:

1. It is **HEREBY ORDERED** that "Plaintiff's Opposed Motion for Leave to Amend Complaint" [ECF No. 20] is **GRANTED**.

2. The Clerk of the Court is **INSTRUCTED** to **DOCKET** "Plaintiff's Second Amended Complaint" [ECF No. 20-2].

3. It is **FURTHER ORDERED** that "Defendant American-Amicable's Motion to Dismiss Plaintiff's First Amended Complaint" [ECF No. 19] is **DENIED AS MOOT**.

**SIGNED AND ENTERED** this _9_ day of **August 2022**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[19] *See* "Defendant American-Amicable's Motion to Dismiss Plaintiff's First Amended Complaint," ECF 19, filed May 4, 2022.