## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

BRANDON CALLIER,

        Plaintiff,

    v.

AMERICAN-AMICABLE LIFE INSURANCE
COMPANY OF TEXAS and SOPHIA
AHMED,

        Defendants.

Case No. 3:22-cv-00018-FM

### DEFENDANT AMERICAN-AMICABLE'S MOTION TO DISMISS
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable"), pursuant to Fed. R. Civ. P. 8, 10, and 12(b)(6), hereby respectfully moves to dismiss the Second Amended Complaint (Dkt. 24, "SAC") filed by Brandon Callier ("Plaintiff") in this matter, in its entirety and with prejudice, and submits the following memorandum of law in support thereof.

### INTRODUCTION AND SUMMARY OF ARGUMENT

Rather than respond to American-Amicable's initial motion to dismiss his original complaint (*see* Dkt. 11) or to its motion to dismiss his First Amended Complaint ("FAC") (*see* Dkt. 19), Plaintiff sought leave to file his SAC, representing to the Court that he only did so because he had "mistakenly asserted a claim" under the internal "Do-Not-Call" ("DNC") provisions of the federal Telephone Consumer Protection Act ("TCPA") and wanted to "correct th[at] cause of action" (Dkt. 20 at 1-2). As to his SAC, however, Plaintiff did much more than just attempt to "correct" his "mistake,"[1] ultimately failed to cure any of the many fatal pleading defects of his prior pleadings and, in many ways, made those deficiencies worse. Thus, his SAC is likewise ripe for dismissal.

---

[1] As discussed below, Plaintiff now purports to assert a claim in Count II under the TCPA's National DNC Registry rules, though his SAC still refers to the TCPA's "internal" DNC rules. Yet, Plaintiff also added a variety of other conclusory "factual" allegations, beyond just swapping his DNC claims.

Indeed, Plaintiff has been a prolific filer of *pro se* complaints in this District, each seeking relief under various provisions of the TCPA and its Texas state analogue telemarketing statute, among other things.[2] Plaintiff's SAC in this case, like its many predecessors, alleges in an entirely conclusory and inconsistent fashion and without requisite factual support that "Defendants"—a term Plaintiff still improperly employs to conflate both American-Amicable and defendant Sophia Ahmed ("Ahmed") throughout—violated those same statutes. These claims remain based on phone calls that Plaintiff concludes were made by one or more "anonymous" telemarketers using a "prerecorded voice" to call his cell phone without his consent, and in purported violation of the TCPA's National DNC Registry provisions. After having asserted in his FAC that it was Ahmed—and not American-Amicable—who supposedly hired these "unknown third-party" telemarketers, Plaintiff's SAC now concludes, albeit again without any factual support, that it was "Ahmed **and/or** American-Amicable" who did so. But the result remains the same—as he did twice before, Plaintiff **concedes** American-Amicable did not physically call him. Yet, despite his amendments, Plaintiff still pleads nothing indicating American-Amicable bears any TCPA (or other) liability for the at-issue calls, let alone had any knowledge of or played any role in them, and offers only more conclusions and speculation.

Nevertheless, regurgitating the legal elements of a cause of action without supporting facts or lumping parties and non-parties together, like Plaintiff persists on doing here, does not meet federal pleadings standards and cannot avoid dismissal—even in cases filed by *pro* se litigants. And because Plaintiff has already had three bites at the apple and still has not pled a plausible claim for relief despite having the benefit of American-Amicable's prior dispositive motions outlining all the defects in his prior pleadings, it is plainly evident further amendment would be futile. Consequently, the SAC should be dismissed in its entirety and with prejudice for at least the following reasons:

---

[2] In fact, a review of PACER shows that Plaintiff has filed **over 50** starkly similar *pro se* TCPA complaints in this District since January 2020 alone, the majority of which were filed **this year.**

**First**, as a threshold issue, Plaintiff's SAC still fails to meet basic pleading standards under Rules 8 and 10, as it improperly lumps together, conflates, and fails to differentiate between the parties, non-parties, the facts, and the claims alleged in an impermissible "shotgun" fashion. Courts in this Circuit have widely held that such facially defective pleadings, even if filed *pro se*, may be dismissed on this basis <u>alone</u>. This Court should likewise dismiss the entire SAC here for this reason.

**Second**, the entire SAC should also be dismissed under Rule 12(b)(6), as Plaintiff still fails to state plausible claims for relief or to allege sufficient facts supporting such claims. To begin, in order to plead ***any*** TCPA claim under any provision, all plaintiffs must first allege sufficient, non-conclusory facts supporting the defendant's direct or vicarious liability. In this case, Plaintiff fails to plead any actual facts, beyond his naked conclusions, supporting a plausible inference that American-Amicable: (a) itself, and not a third party, took any steps to "physically" place the at-issue phone calls, as is required to plead direct TCPA liability (again, as noted above, he still <u>concedes</u> this point); or (b) had a common law agency relationship with (*i.e.*, had sufficient, or any, "control" over) any third party or parties who did purportedly call him, as is required to plead vicarious TCPA liability. Moreover, as to the latter theory of liability, not just any alleged factual connection between a defendant and a purported caller will do. Instead, what matters in this context is pleading specific facts suggesting the defendant exercised sufficient control over the ***manner and means*** of the caller's conduct—*i.e.,* the steps of how the telemarketing campaign was literally conducted, such as the timing and volume of calls, the target location, selecting the recipients or content, etc. Plaintiff pleads no such facts. Courts in and beyond the Fifth Circuit routinely dismiss such bald TCPA claims at the pleadings stage in their entirety on these bases alone, as well. This Court should rule similarly and should dismiss Plaintiff's TCPA claims in Counts I and II of the SAC on these additional grounds.

**Third**, Count II of the SAC fails for the additional reason that Plaintiff does not plead

sufficient facts supporting all the essential elements of a claim under the National DNC Registry provisions in Section 227(c) of the TCPA and its related implementing regulations.[3] On this front, Plaintiff does not plead any actual facts aside from his conclusions sufficient to show, *inter alia,* that: (a) he received more than one "telephone solicitation" call in a 12-month period that was physically "initiated" "by or on behalf of the same entity," or (b) he is "residential telephone subscriber" who "registered his or her [own] number" on the National Registry, as is required to plead such a claim.

**Fourth**, Plaintiff's remaining TCPA-related allegations also fail for various reasons. For example, his allegations that any violation was "willful" or "knowing" so as to justify treble damages are wholly conclusory and, therefore, do not comply with federal pleading standards. In support of his Texas state law claim in Count III, Plaintiff invokes two provisions of the TCPA—Sections 227(d) and (e)—which do not provide a private cause of action. He also requests attorneys' fees in his prayer for relief, to which he is not legally entitled either under the TCPA or as a *pro se* litigant. Those clearly defective allegations should also be dismissed under Rule 12(b)(6), at the minimum.

**Lastly**, Plaintiff's allegations in Count III, brought under Section 305.053 of the Texas Business and Commercial Code, are also wholly conclusory. And since his state claim is completely dependent on his fatally-flawed TCPA claims, it cannot survive under Rule 12(b)(6), either.

## APPLICABLE LEGAL STANDARDS

### I.   Fed. R. Civ. P. 8 and 10 – Federal Pleading Standards ("Shotgun" Pleadings)

All federal pleadings must include "short and plain" statements of the pled claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances" and, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." *See* Fed. R. Civ. P. 8(a), 10(b). Allegations must be "simple, concise,

---

[3] Though not discussed below, American-Amicable does not concede any call was "prerecorded" for the purposes of liability under Section 227(b) of the TCPA, as asserted in Count I of the SAC.

and direct" and not mere labels, legal conclusions, or formulaic recitations of elements. Fed. R. Civ. P. 8(d)(1); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Complaints (like Plaintiff's) blurring the lines between the facts and claims to which they apply or lumping together parties and non-parties are often called "shotgun pleadings"; and courts in the Fifth Circuit have consistently held that such facially-deficient pleadings are properly dismissed on this basis alone, even in *pro se* cases like this one. *See, e.g.*, *Cunningham v. Politi*, 2019 WL 2519702, at *7, n.10 (E.D. Tex. Apr. 26, 2019), *report and rec. adopted,* 2019 WL 2526536 (June 19, 2019); *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *4, n.4 (E.D. Tex. Aug. 8, 2019), *report and rec. adopted*, 2019 WL 4277507 (Sept. 10, 2019); *Garig v. Travis*, 2021 WL 2708910, at *19 (M.D. La. June 30, 2021); *Williams v. Am. Com. Lines, Inc.*, 2020 WL 4574515, at *4, n.25 (M.D. La. July 23, 2020), *report and rec. adopted*, 2020 WL 4572338 (Aug. 7, 2020).

## II.   <u>Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim for Relief</u>

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. In this regard, it is axiomatic that a legal claim brought in federal court mandates the pleading of sufficient facts. *See Twombly*, 550 U.S. at 556-57. However, a "bare assertion" and "conclusory allegation[s]" will not suffice. *Id*. Naked allegations without such factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim likewise fails to meet the requisite pleading standard. *Iqbal*, 556 U.S. at 681; *see also id.* at 678 (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). And while they may be afforded deference in some instances, *pro se* litigants are not immune from and still must comply with these well-established legal maxims or face a possible dismissal under Rule 12(b)(6). *See, e.g., Priestley v. Bank of Am. N.A.*, 2013 WL 12137713, at *2–3 (N.D. Tex. Oct. 22, 2013) (dismissing *pro se*

complaint with prejudice) (citing *Dark v. Potter*, 293 F. App'x. 254, 256-57 (5th Cir. 2008)).

Further, "although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead '***specific facts***, not mere conclusory allegations'" or speculation to avoid dismissal under Rule 12(b)(6). *Pelayo v. Wells Fargo Bank, N.A*., 2014 WL 3513207, at *2 (W.D. Tex. July 14, 2014) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (emphasis added)); *see also Harbert v. Farmers Texas Cty. Mut. Ins. Co*., 2013 WL 12130312, at *2 (W.D. Tex. Oct. 15, 2013), *report and rec. adopted,* 2013 WL 12130313 (Nov. 7, 2013); *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005). Thus, while the Court must generally accept well-pled factual allegations as true under Rule 12(b)(6), it need <u>not</u> do so for "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). *See also Lowe v. Dallas Police Dep't*, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), *report and rec. adopted*, 2017 WL 4838980 (Oct. 26, 2017) (granting Rule 12(b)(6) motion, noting: "Alleging a claim by merely attaching a label and/or legal conclusion to no facts unique to that claim—or, at best, threadbare unique facts—is not sufficient to state a claim that is plausible on its face.").

## **ARGUMENT**

### I.    **Plaintiff's Improper "Shotgun" Pleading Should Be Dismissed Under Rules 8 and 10.**

As a threshold matter, the SAC should be dismissed because it (like its two predecessors and despite Plaintiff's amendments) is a classic impermissible "shotgun" pleading, in clear violation of Rules 8 and 10. Indeed, throughout his SAC, Plaintiff: (i) continues to improperly conflate and lump together American-Amicable and Ahmed as "Defendants" (*see, e.g.,* SAC ¶¶ 4, 6, 7, 36, 37, 39, 43, 50, 97); (ii) uses the singular term "Defendant" without specifying to which he is referring (*see, e.g., id.* ¶¶ 5, 51, 90-95, 98); and (iii) even refers to "Defendants" and "Defendant" in the same paragraph

(*see, e.g., id.* ¶ 97).[4] Moreover, after having alleged (or, rather, merely concluded) in his FAC that Ahmed—and <u>not</u> American-Amicable—contracted with and was responsible for the anonymous third party telemarketer(s) who called him (*e.g.,* Dkt. 14 ¶¶ 23, 26-28), Plaintiff now concludes that "Defendant Ahmed ***and/or*** American-Amicable" did so (*see* SAC ¶¶ 23, 25-27, 54-55, 89)[5] without properly differentiating between the parties and their alleged conduct, as required. *See also Ewing v. GoNow Travel Club, LLC,* 2019 WL 3253058, at *3 (S.D. Cal. July 19, 2019) (dismissing *pro se* TCPA complaint alleging "Defendants" called plaintiff under Rule 8, holding that "[w]hen suing multiple defendants, a plaintiff must differentiate which allegations are against which defendant and not lump defendants together without distinguishing the alleged wrongs amongst defendants").

Perhaps even worse, the allegations in Plaintiff's three substantive counts (which are still not consecutively numbered with the rest of the paragraphs in the SAC) and in his Prayer for Relief not only use the terms "Defendants" and "Defendant" interchangeably as well but also refer to the "acts and omissions of Defendants ***and/or*** ***their affiliates*** <u>***or***</u> ***agents***" and seek a "permanent injunction" against "Defendants <u>***and***</u> ***their affiliates*** <u>***and***</u> ***agents.***" SAC *at* pp. 18-21 (emphasis added). But Plaintiff does not ever once identify who these supposed "affiliates" or "agents" are in his SAC and, instead, he alleges (albeit without any factual support) that both "Defendants" hired an "offshore anonymous telemarketer" who called him and that "[e]ach and every call failed to identify the telemarketer and parties they [*sic*] were calling on behalf of." *Id.* ¶¶ 33, 45-46. All this is especially problematic considering that American-Amicable's two previous dispositive motions painstakingly

---

[4] In fact, to give just one particularly egregious example of this, Plaintiff concludes in paragraph 43 of the SAC that "Defendants participated in, facilitated, directed, authorized, knew of, or willfully ignored the unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and coconspirators to engage in the false and misleading sales practices and unlawful robocalling."

[5] *But see* SAC ¶ 60 ("Ahmed hired a third-party telemarketer to effectuate telemarketing…"). Plainly, Plaintiff is merely throwing allegations at the proverbial wall and hoping that they stick to someone. That is precisely why federal courts routinely dismiss shotgun pleadings like Plaintiff's.

identified each and every instance where Plaintiff improperly conflated the parties and their alleged wrongful acts in his original complaint (*see* Dkt. 11 at 6-7) and his FAC (*see* Dkt. 19 at 6-7)—and, yet, Plaintiff's SAC still suffers from the same fatal pleading defects. That he is *pro se* is no excuse.

In sum, Plaintiff's SAC seeks to hold American-Amicable, Ahmed, <u>and/or</u> countless unknown third parties liable for the at-issue calls and to permanently enjoin them—all without distinguishing between the parties, non-parties, their conduct, and the claims alleged—in true "shotgun" fashion. Thus, it does not satisfy Rules 8 and 10 and should be dismissed in its entirety for this reason alone. *See, e.g.*, *Cunningham,* 2019 WL 2519702, at *7, n.10 (dismissing *pro se* TCPA complaint, in part, because it did not "clarify which of the … named parties made what calls"); *Ewing, supra* (same); *Garig*, 2021 WL 2708910, at *19 ("By failing to provide corresponding factual support for each separate cause of action, failing to specify what [d]efendant took what action … the Complaint violates the letter and spirit of Rules 8 and 10."); *see also Mendoza v. J.P. Morgan Mortg. N.A.,* 2017 WL 2278250, at *3 (S.D. Tex. June 27, 2017) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.") (internal citation omitted); *Cobarobio v. Midland Cty., Tex.,* 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F.App'x 88 (5th Cir. 2017) (holding that the *Iqbal* pleading standard is not met by "global assertions of fault" and that "routinely lump[ing] together all Defendants without identifying the actions of any individual Defendant" and failing to "set out the specific factual allegations [relating to] any particular defendant" is insufficient); *Williams,* 2020 WL 4574515, at *4, n.25 (dismissing *pro se* case on this basis).

## II.    <u>The SAC Should Also Be Dismissed Under Rule 12(b)(6) For Failure to State a Claim.</u>

In Count I of the SAC, Plaintiff seeks relief under Section 227(b) of the TCPA which, along with its related implementing regulations, provides that no person shall "make any call (other than a

call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system [a.k.a. "ATDS"] or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1) & (2). *See also Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114, at *4 (S.D. Tex. Jan. 14, 2016), *aff'd* 684 F. App'x 464 (5th Cir. 2017) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). In Count II, Plaintiff seeks relief under TCPA's DNC provisions and related implementing regulations, which together and in pertinent part, prohibit "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). In Count III, Plaintiff seeks relief under Section 302.053(a)(2) of the Texas Business and Commercial Code, which simply provides "[a] person who receives a communication" that violates the TCPA "may bring an action in this state against the person who originates the communication for ... damages." As discussed below, however, Plaintiff fails to plead any ***actual facts*** supporting these claims and, instead, relies exclusively on threadbare conclusions and speculation, which does not meet federal pleadings standards.

A.      **Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability.**

For starters, it is well established that, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) ***directly make*** the call, or (2) have an ***agency relationship*** with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)) (emphasis added). *Accord Cunningham,* 2019 WL 4282039, at *3-5 (citing various cases). As to the former, it is equally well accepted that direct liability under the TCPA applies <u>only</u> to persons or entities that "initiate" telemarketing calls, and that to "initiate" in this context means to

"physically place" a phone call or send a text message. *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)).[6] *Accord Cunningham,* 2019 WL 4282039, at *3.[7] This rule applies with equal force to claims brought under the TCPA's DNC provisions, as Plaintiff has invoked here. *See, e.g., Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014).

Consequently, courts in and beyond the Fifth Circuit routinely dismiss direct TCPA liability claims at the pleadings stage that, like Plaintiff's, lack factual allegations suggesting the defendant actually "initiated" the calls at issue in the sense of "***tak[ing] the steps necessary to physically place***" a call or send a text message. *Sheski*, 2020 WL 2474421, at *2-4 (quoting 28 FCC Rcd. at 6583 ¶ 26) (dismissing where allegations did not "lead to the inference that [defendant] sent or was directly involved in sending the text messages at issue") (emphasis added). *See also Cunningham v. Politi,* 2019 WL 2519568, at *6 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL 2524736 (June 19, 2019) (dismissing *pro se* complaint, in part, on this basis); *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("[m]erely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim"); *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing TCPA case on this basis, holding: "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that [physically] made the calls" at issue) (citations omitted).

---

[6] Courts generally consider text messages to be "calls" within the meaning of the TCPA. *See, e.g., Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009). Though he vaguely refers to them in his SAC (presumably in error), Plaintiff does not purport to claim to have received any texts, nor does he purport to allege ATDS use beyond one vague reference in his state law allegations. Nevertheless, the text message and ATDS cases cited herein are relevant and equally applicable here.

[7] In *Cunningham*, the court held the direct and vicarious liability allegations were insufficiently pled but denied the motion to dismiss because the plaintiff was given leave to amend. *Id*. at *6. As shown below (*see* Section F.), Plaintiff's SAC is properly (and should be) dismissed ***with prejudice***, as he already had <u>two</u> chances to amend but failed to cure the defects in his prior complaints in his SAC.

Here, Plaintiff does <u>not</u> allege that American-Amicable <u>physically</u> placed <u>any</u> calls and, thus, has not stated a claim for direct TCPA liability. While he summarily alleges the at-issue calls were "made to Plaintiff by Defendants" or that American-Amicable was "directly" involved, Plaintiff readily ***concedes*** this point, as he inconsistently alleges elsewhere (albeit in conclusory fashion and with no factual support) that the at-issue calls were actually physically made by at least one (and possibly more than one) "offshore anonymous" and "unknown third-party telemarketer"—*i.e.,* "Kate from Senior Benefits." SAC ¶¶ 33, 36-38, 40, 44, 47, 53, 54, 60, 64, 89. Given these unequivocal concessions, this Court should follow the vast weight of applicable federal authority on this point, and dismiss Plaintiff's TCPA claims (Counts I and II) on direct liability grounds under Rule 12(b)(6).

**B.      Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability.**

As noted above, Plaintiff concedes direct liability and instead only purports to allege that American-Amicable is vicariously liable under the TCPA for the at-issue calls. As shown below, however, Plaintiff pleads no actual facts in support of his speculative vicarious liability theories.

In this or any context, vicarious liability cannot be casually pled and courts uniformly require pleading sufficient facts before a defendant can be hauled into court for the alleged unlawful acts of a third party. Instead, adequately alleging vicarious liability in any case requires pleading specific non-conclusory facts showing a special consensual relationship between a principal and an agent and the principal's control over the alleged agent. *See* Restatement (3d) of ("Restatement") Agency § 1.01, cmt. c ("[T]he concept of agency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person.").

Specifically, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's

behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)); *accord Christiana Tr. v. Riddle*, 911 F.3d 799, 803 (5th Cir. 2018). This means "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (quoting *Kristensen v. Credit Payment Servs*., 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).[8] As one court dismissing a TCPA case on this basis aptly noted, plaintiffs "must allege *some* facts regarding the relationship between an alleged principal and agent" showing the defendant had the right to control the caller and "cannot simply allege general control in a vacuum." *Melito v. Am. Eagle Outfitters, Inc*., 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) (emphasis in original). *See also Cunningham*, 2019 WL 4282039, at *5 (dismissing, holding that "broad, general allegations are not sufficient" to allege an agency relationship, as required to establish vicarious TCPA liability).

Further, in the TCPA context like in this case, courts have widely recognized that vicarious liability <u>cannot</u> attach without the "essential ingredient" of control. *Jones v. Royal Admin. Svcs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018).[9] In this regard, it is well accepted that "control" over an alleged caller in a TCPA case means having control over "***the manner and means of the solicitation campaign that was conducted***" by the caller <u>specifically</u>, not just "control" over the alleged agent <u>generally</u>. *In re: Monitronics Int'l, Inc., TCPA Litig.*, 223 F. Supp. 3d 514, 520 (N.D.W.Va. 2016),

---

[8] *See also Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019) ("The existence of some connections between the defendant and the maker of the call will not suffice" for vicarious TCPA liability purposes).

[9] *Accord Christiana*, 911 F.3d at 803 (holding that "control" is "[a]n essential element of agency").

*aff'd sub nom.,* 885 F.3d 243 (4th Cir. 2018). *See also Meeks*, 2018 WL 1524067, at *6 (dismissing TCPA complaint lacking specific factual allegations indicating the defendant controlled "whether, when, and to whom to send the text messages, along with their content," as required for vicarious TCPA liability). Plaintiff should be well aware of this rule, given his prior TCPA litigation history in this Court. *See, e.g., Callier v. SunPath Ltd.,* 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020) (**Montalvo, J.**) ("In order for an agency relationship to exist, [the defendant] must have had the ***authority to assign tasks and control the means and details of the process by which the third-party telemarketer responsible for calling Plaintiff in Texas conducts its business. If this control does not exist, the calls are merely unilateral activities of a third party*....") (emphasis added).[10]

Thus, federal courts across the country have consistently dismissed TCPA complaints, like Plaintiff's, at the pleadings stage on vicarious liability grounds lacking in facts demonstrating such "control." *See, e.g., Naiman*, 2017 WL 5992123, at *6 (allegations that defendant had hired third-party telemarketer to act as its agent in marketing its services, "had control over [the third-party's] actions on its behalf," "limited the types of business [the telemarketer] could solicit," "restricted the geography within which [the telemarketer] could promote [the defendant's business]," "decided whether ... it would accept a customer from [the telemarketer]," "instructed [the telemarketer] with respect to the volume of calling," and "had day-to-day control over [the telemarketer's] actions" were underline: insufficient for vicarious TCPA liability); *Clemons v. State Farm Mut. Auto. Ins. Co*., 2020

---

[10] In *Sunpath*, the defendants made a factual challenge to personal jurisdiction under Rule 12(b)(2), using affidavits to contradict Plaintiff's direct and vicarious TCPA liability allegations. *Id*. at *2. While this Court agreed Plaintiff had not sufficiently alleged facts supporting vicarious TCPA liability in his pleading, it ordered limited jurisdictional discovery to resolve the issue of fact raised by defendants as well as granted Plaintiff leave to amend; thus, the Court effectively denied the motion to dismiss as moot. In this Motion, American-Amicable is not making a factual or facial challenge to personal or subject matter jurisdiction. Moreover, it is well-settled that, in the context of a Rule 12(b)(6), plaintiffs are not entitled to any early discovery. *See, e.g., Robinson v. Stephens*, 726 F.App'x 228, 229 (5th Cir. 2018); *see also Hurley v. Messer,* 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018). Therefore, Plaintiff should not be afforded any early discovery here.

WL 4193997, at *2–6 (C.D. Ill. July 21, 2020) (dismissing TCPA case against insurance company

on vicarious liability grounds where, as here, plaintiff conclusorily alleged, *inter alia*, that the

defendant had "contracted with a telemarketer or telemarketers to contact customers" and the callers

"invoked" its "brand" on the calls but otherwise "fail[ed] to explain how [d]efendant controlled any

aspect of the telemarketing calls, such as their time, volume, or quality" or to plead facts suggesting

the defendant's "control over the alleged telemarketers as to the calls at issue") (applying, *inter alia*,

*Meeks*); *Smith v. Liberty Mut. Ins. Co*., 2021 WL 1581017, at *3–7 (D. Mass. Apr. 22, 2021) (ruling

similarly and dismissing insurance company on vicarious TCPA liability grounds); *Rogers v.

Postmates Inc.,* 2020 WL 1032153, at *3–5 (N.D. Cal. Mar. 3, 2020) (dismissing TCPA case on

vicarious liability grounds where, as here, plaintiff alleged defendant contracted with third party or

its "sub-agents" to place calls but did not otherwise plead facts suggesting defendant "exercised any

control over the 'manner and means' in which [the caller] executed the [alleged calling] campaign

on its behalf"); *Jackson v. Caribbean Cruise Line, Inc.,* 88 F. Supp. 3d 129, 138–39 (E.D.N.Y. 2015)

("[T]he existence of a contract between [defendant] and [telemarketer]—even one that imposes

certain constraints on [the telemarketer]—does not necessarily mean that [the defendant] had the

power to give 'interim instructions' to [the telemarketer], the hallmark of an agency relationship.");

*Cunningham v. Health Plan Intermediaries Holdings, LLC,* 2018 WL 835222, at *6 (N.D. Ill. Feb.

13, 2018) (rejecting argument that callers had apparent authority "simply because they mentioned

Defendants' products on their calls and sent him paperwork featuring Defendants' names").[11]

---

[11] While he has apparently abandoned his previous "apparent authority" theory against American-Amicable (*compare* Dkt. 1, ¶ 45 *with* SAC ¶ 61), Plaintiff now seemingly attempts to assert a "ratification" theory (SAC ¶¶ 65-83). But to plead such a theory, "the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Linlor*, 2017 WL 588671, at *3 (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)). In other words, ratification requires "actual authority" (*i.e*., "control" over the caller and the manner and means of the calls), even in the TCPA context. *See Pascal,* 2019 WL 5212961, at *4. Because such factual allegations are entirely absent from the SAC, as demonstrated below, Plaintiff's ratification theory immediately falls flat.

Applying these well-established principles, courts in the Fifth Circuit have likewise rejected TCPA claims premised on vague notions of vicarious liability at the pleading stage when specific relevant factual allegations of agency—*i.e.*, that defendant had control over the caller and "manner and means" of the calls—are lacking. *See*, *e.g.*, *Cunningham*, 2019 WL 4282039, at *5; *Moreland v. SunPath, Ltd.,* 2021 WL 6773100, at *3 (E.D. Tex. Sept. 10, 2021); *Horton v. SunPath, Ltd.,* 2021 WL 982344, at *4 (N.D. Tex. Feb. 16, 2021), *report and rec. adopted,* 2021 WL 977065 (Mar. 15, 2021). This Court should rule similarly here and dismiss Plaintiff's SAC for this reason, as well.

In this case, Plaintiff does <u>not</u> allege any facts supporting the "essential ingredient" of control and, therefore, has failed to plead a claim for vicarious TCPA liability. Indeed, <u>all</u> of the allegations relevant to vicarious liability in his SAC—including the new ones that he added in response to American-Amicable's previous dispositive motions—are wholly conclusory and speculative, lack any specific factual support, and merely employ legal agency-related buzzwords (*e.g.,* "agent," "appointed," "control," "directed," "ratification," "authorized," "hired" or "contracted"). *See* SAC ¶¶ 22-29, 43-46, 52-83, 89. Such naked conclusions are not facts, should not be accepted as true by this Court, and do not comply with federal pleading standards. *See* discussion at pp. 4-6, *supra*. Nor do they plausibly allege vicarious TCPA liability, as the many on-point authorities cited above show.

In fact, Plaintiff concedes that the telemarketer(s) who purportedly called him "did not identify themselves, the company the telemarketer worked for, or the company on whose behalf the telemarketer was calling." SAC, ¶ 33. But there is nothing in the SAC remotely suggesting that American-Amicable had any power to give interim instructions to the alleged callers (or to Ahmed, for that matter), let alone that American-Amicable had any modicum of control over the "means and details of the process" by which the third party telemarketer(s) who called Plaintiff conduct their business (such as the timing, volume, or content of the calls), as is indisputably required to plausibly

allege vicarious TCPA liability at this stage and to avoid dismissal under Rule 12(b)(6). *See, e.g.*, *Callier*, *Naiman, Meeks*, *Smith*, *Clemons*, *Rogers*, and *Jackson*, *supra. See also Horton,* 2021 WL 982344, at *4 ("Plaintiff does not allege or point to any evidence showing that Defendant played any role in contacting him by phone. His conclusory allegation that Defendant acted in an agency relationship with telemarketing companies to contact him in Texas to sell warranties does not suffice to impute [the alleged third party caller's] actions to Defendant under an agency theory.").[12]

At best, Plaintiff now speculates and concludes that: (1) "Ahmed ***and/or*** Amicable contracted with an unknown third-party telemarketer to market and solicit insurance products" and gave the telemarketer certain demographic or geographic "requirements"—after having contradictorily alleged in his FAC that ***only Ahmed*** did so (SAC ¶ 23);[13] and (2) he was "***transferred***" by one "anonymous" caller to Ahmed (not American-Amicable) who "sold Plaintiff a life insurance policy" after he apparently lied about his age to "qualify" for the policy, and then he subsequently "received a life insurance policy" from American-Amicable (*id*. ¶¶ 34-35, 39). Yet, these conclusory and contradictory allegations (even if taken as true) say nothing about whether American-Amicable had **control** over the at-issue **calls** or how the **callers** conducted their business,

---

[12] Plaintiff attaches two declarations from third parties to his SAC—both from other well-known serial TCPA litigants—who also purportedly received calls from "Kate" at "Senior Benefits." *See* SAC ¶¶ 69, 71 (citing to Exhibits B and C). However, ***neither*** declarant provides any facts remotely supporting an inference that American-Amicable ***controlled the calls or how they were made.*** In any event, these declarations are purely hearsay, superfluous, immaterial, unduly prejudicial, do not support Plaintiff's claims, and, thus, should be stricken under Fed. R. Civ. P. 12(f).

[13] Notably, Plaintiff's SAC inconsistently alleges elsewhere that it was actually Ahmed—and not American-Amicable—who "hired a third-party telemarketer to effectuate telemarketing" here. SAC ¶ 60. The Court need not accept Plaintiff's inconsistent and contradictory allegations as true under Rule 12(b)(6). *See, e.g., Cicalese v. Univ. of Texas Med. Branch*, 456 F. Supp. 3d 859, 872, n.8 (S.D. Tex. 2020) ("'Where [a] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.'") (quoting *Carson Optical Inc. v. eBay Inc.,* 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016)); *Carrillo v. Buendia,* 2020 WL 4584580, at *4 (S.D. Tex. Aug. 10, 2020) ("When amended pleadings are a transparent attempt to conform the facts to the requirements of the cause of action and represent diametrically opposed recollections of the events, the Court has discretion to reject the changes as sham.") (citing *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1324–25 (Fed. Cir. 1998)).

and thus do not support any inference of vicarious TCPA liability, as many courts (including this one in *Callier v. Sunpath*, *supra*) have recognized.[14] Thus, this Court should follow the weight of applicable authority on this front and dismiss Plaintiff's SAC on vicarious liability grounds, as well.

Furthermore, because he concedes direct liability and has not adequately alleged vicarious liability, this Court should dismiss both of his TCPA claims (Counts I and II) <u>in their entirety</u> . *See, e.g.*, *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing, holding that "***[b]ecause [caller] identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims***") (emphasis added).

### C.      Plaintiff Fails to Plead Facts Supporting His DNC Claim (Count II).

Plaintiff's attempt to state a claim in Count II of the SAC for purported National DNC Registry violations under Section 227(c) of the TCPA fails for at least two additional reasons:

**<u>First</u>**, as shown above, Plaintiff does not allege facts supporting an inference that American-Amicable "physically" placed the calls (and indeed concedes this point) or was in a common law agency relationship with a third party who did. As such, he has also failed to plead that all of the at-issue calls were "initiated" "by or on behalf of the same entity," as required to plead a violation of the National DNC Registry provisions in Section 227(c). *See, e.g., Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (dismissing § 227(c) claim where plaintiff failed "to plead ***any*** facts giving rise to a reasonable inference that [defendant] or an entity under its

---

[14] Moreover, despite Plaintiff's conclusions (*see* SAC ¶¶ 60-64), defendants are not vicariously liable under the TCPA just because they could potentially "benefit" from an unknown third party's calls. *See, e.g., Landy v. Nat. Power Sources, LLC*, 2021 WL 3634162, at *3-4 (D.N.J. Aug. 17, 2021) (allegations the initial call was transferred to defendants insufficient to support agency, holding that "[a]n entity cannot be held liable under the TCPA 'merely because they stand to benefit from the call'") (quoting *Klein v. Just Energy Grp., Inc.,* 2016 WL 3539137, at *8 (W.D. Pa. June 29, 2016)) (punctuation omitted in original); *Hale v. Teledoc Health, Inc.,* 2021 WL 1163925, at *4 (S.D.N.Y. Mar. 25, 2021) (dismissing where plaintiff failed to plead facts supporting agency theories and holding that "the inclusion of [defendant's] services in [the third party caller's] insurance bundle, alone, is insufficient to permit even a circumstantial inference that [the third party] called plaintiffs at [defendant's] direction or subject to [defendant's] control" for vicarious TCPA liability purposes).

control, made the calls at issue") (emphasis in original); *Donaca*, 303 F.R.D. at 394–96 (same).

**Second**, on its face, the TCPA's DNC provision expressly proscribes initiating telephone solicitation to a "residential telephone subscriber ***who has registered his or her telephone number***" on the Registry. 47 C.F.R. §64.1200(c)(2) (emphasis added).[15] Courts have recognized that the plain language of the statute unambiguously requires pleading that the plaintiff actually "registered his or her [own] telephone number" on the DNC Registry to avoid dismissal. *See, e.g., Rombough v. Robert D. Smith Ins. Agency, Inc.,* 2022 WL 2713278, at *2-4 (N.D. Iowa June 9, 2022) (thoroughly analyzing Section 227(c), dismissing **with prejudice** under Rule 12(b)(6), and holding that this provision "does not include a private remedy for a residential telephone subscriber who has not registered his or her telephone number on the national do-not-call registry" and that its "plain language provides no distinction for a telephone number that had previously been registered on the national do-not-call registry by someone else"). Here, Plaintiff does <u>not</u> allege that ***he himself*** (and not some other party) registered the phone number upon which he allegedly received the at-issue calls on the Registry—only that "Plaintiff has been on the Do-Not-Call Registry … since December 2007" and was at the time of the calls. SAC ¶ 21; *see also id.* ¶ 2. This further supports dismissal of Count II of the SAC. *See Rombough,* 2022 WL 2713278, at *2-4; *Suttles,* 461 F. Supp. 3d at482-88.

### D.    Plaintiff's Remaining TCPA Allegations are Likewise Insufficient.

Plaintiff's remaining TCPA-related allegations fare no better and fail for additional reasons:

**First**, apparently attempting to justify seeking treble damages, Plaintiff also alleges in

---

[15] *See also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009) (concluding that the statutory text of the TCPA is clear and unambiguous, holding: "The preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous.") (quoting *McDonald v. Sun Oil Co.,* 548 F.3d 774, 780 (9th Cir. 2008)); *Suttles v. Facebook, Inc.,* 461 F. Supp. 3d 479, 482-88 (W.D. Tex. 2020) ("The starting point for interpreting a statute or regulation is its plain language.") (citing *United States v. Fafalios*, 817 F.3d 155, 159 (5th Cir. 2016)) (dismissing amended TCPA complaint **with prejudice** where, as here, the plaintiff did not allege facts supporting a violation based on the plain statutory language).

conclusory fashion that the TCPA violations were willful or knowing. *See, e.g.*, SAC ¶¶ 43, 45. This also does not survive dismissal. *See, e.g., Sterling v. Securus Techs., Inc.*, 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (dismissing where willful/knowing violation allegations only conclusory).

**Second**, in support of his state law claim,[16] Plaintiff concludes that there has also been a violation of Sections 227(d) and 227(e) of the TCPA. *See* SAC ¶ 97. However, those provisions do <u>not</u> afford litigants a private cause of action. *See, e.g., Cunningham v. Creative Edge Mktg. LLC*, 2021 WL 3085415, at *5 (E.D. Tex. June 16, 2021), *report and rec. adopted,* 2021 WL 3085399 (July 20, 2021); *Clark v. Avatar Techs. Phl, Inc.,* 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014).

**Third**, buried in his Prayer for Relief at page 21 of the SAC, Plaintiff seeks, *inter alia,* "attorneys' fees"—even though he appears *pro se*. However, the TCPA "is not a fee shifting statute" and "[t]hus, an award of attorney's fees and costs is not available for [alleged] TCPA violations." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, at *8 (D. Nev. July 28, 2015). And *pro se* litigants are not entitled to legal fees in any event. *See, e.g., De Mino v. Achenbaum,* 136 F. App'x 695, 696–97 (5th Cir. 2005) (citing Tex. Civ. Prac. & Rem. Code § 38.002(1)); *Vaksman v. C.IR.,* 54 F. App'x. 592 (5th Cir. 2002) (*pro se* litigants do not "'pay' or 'incur' attorney[s'] fees.").

### E.    Plaintiff Fails to Plead Facts Supporting His State Law Claim (Count III).

Because Plaintiff's TCPA claims fail for the reasons above, his claim in Count III under Section 305.053(a)(2) of the Texas Business and Commercial Code also fails. *See, e.g., Cunningham,* 2019 WL 2519702, at *7 ("Because Plaintiff's underlying (federal) TCPA claims fail, Plaintiff's state TCPA claim under § 305.053 also fails."). This Court may also decline to exercise supplemental

---

[16] Plaintiff's state law claim in Count III (*see* p. 20) also vaguely refers to use of an "ATDS" under the TCPA. Presumably, this is an error. If not, it is yet another conclusory allegation and does not comport with federal pleading standards. Thus, this bald allegation should be dismissed, as well. *See, e.g., Saragusa v. Countrywide,* 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd* 707 F. App'x 797 (5th Cir. 2017) (the "mere recitation of the elements" as to ATDS use is insufficient).

jurisdiction over the state claim after dismissing the TCPA claims. *See Sepehry-Fard v. MB Fin. Servs.*, 2015 WL 903364, at *7 (N.D. Cal. Mar. 2, 2015) (TCPA case, citing 28 U.S.C. § 1367(c)).[17]

Nevertheless, allowing Plaintiff to recover under both statutory schemes for the same alleged calls would amount to an improper double recovery, which also warrants dismissal of Count III. *See, e.g., Yor-Wic Constr. Co. v. Eng'g Design Techs., Inc.,* 2019 WL 1412943, at *4 (W.D. La. Mar. 28, 2019) ("A claim can be dismissed as duplicative under Rule 12(b)(6) when it seeks identical damages as another claim asserted in the complaint.") (citations omitted); *see also Masters v. Wells Fargo Bank S. Cent.,* 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) ("There is no indication in either the TCPA or in Texas's analogue [*i.e.*, TBCC § 305.053] that either legislative body intended to allow double recovery under both state and federal law for the same [alleged] TCPA violations.").

### F.     The SAC Should be Dismissed with Prejudice.

Finally, Plaintiff has already had two chances to replead but failed to cure the defects in his original pleading or FAC; thus, dismissal with prejudice is appropriate. *See, e.g., U.S. ex rel. Siemens Bldg. Techs., Inc. v. Grot, Inc.*, 2005 WL 2012263, at *2 (E.D. Tex. Aug. 19, 2005) (citing *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000)) (dismissing with prejudice where party had a chance to re-plead but "failed to cure all of the relevant defects" after amending); *Cunningham*, 2019 WL 2519702, at *7 (dismissing *pro se* TCPA amended complaint with prejudice).

### <u>CONCLUSION</u>

For all these reasons, the Court should enter an order granting this Motion and dismissing the SAC with prejudice pursuant to Rules 8, 10, and 12(b)(6), along with granting all just relief.

---

[17] Plaintiff's SAC still includes allegations relating to the Texas Deceptive Trade Practices Act (*see* ¶¶ 82-86) but does not plead a substantive count under that statute (*see* pp. 17-20). Presumably, this is an error. In any event, those allegations, like the rest of the SAC, are wholly conclusory; and DTPA claims require that "the goods or services purchased or leased must form the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.,* 726 F.3d 717, 725 (5th Cir. 2013). That is not so here.

Dated: August 23, 2022                    Respectfully submitted,


                                          By: /s/ Danielle Gilbert
                                          Danielle Gilbert
                                          State Bar No. 24092421
                                          **HUSCH BLACKWELL, LLP**
                                          One Congress Plaza
                                          111 Congress Avenue, Suite 1500
                                          Austin, Texas 78701-4093
                                          Telephone: (512) 472-5456
                                          Facsimile: (512) 479-1101
                                          Danielle.Gilbert@HuschBlackwell.com

                                          John W. McGuinness (*Pro Hac Vice* to be requested)
                                          A. Paul Heeringa (*Pro Hac Vice* to be requested)
                                          **MANATT, PHELPS & PHILLIPS, LLP**
                                          1050 Connecticut Avenue, NW, Suite 600
                                          Washington, D.C. 20036
                                          Telephone: 202-585-6500
                                          Facsimile: 202-585-6600
                                          jmcguinness@manatt.com
                                          pheeringa@manatt.com

                                          *Attorneys for Defendant American-Amicable Life*
                                          *Insurance Company of Texas*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on, August 23, 2022, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: */s/ Danielle Gilbert*
 Danielle Gilbert